# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BARRY J. CAVE,

        Petitioner,      :      Case No. 1:16-cv-929

- vs -      District Judge Michael R. Barrett
      Magistrate Judge Michael R. Merz

WARDEN, North Central Correctional
Complex,
      :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pro se by Petitioner Barry J. Cave, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 7), the Return of Writ (ECF No. 8), and the Reply (ECF No. 11). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division (ECF No. 12).

Petitioner's grounds for relief as pleaded are:

> **Ground One**: Cave was denied his 6th Amendment right to Confrontation in violation of the U.S. Constitution.
>
> **Supporting Facts:** The State introduced Hearsay Testimony from an unavailable witness.
>
> **Ground Two**: The Trial Court violated Cave's 14th Amendment right to Due process and a fair trial, in violation of the U.S. Constitution.

1

> **Supporting Facts:** There was insufficient evidence to convict Cave of trafficking cocaine.
>
> **Ground Three**: Cave was denied his 6th Amendment right to effective counsel in violation of the U.S. Constitution.
>
> **Supporting Facts:** (1) Trial Counsel failed to object to the Hearsay testimony of an unavailable witness; (2) Appellate Counsel failed to raise (A) there was not sufficient evidence to convict Cave of trafficking over 100 grams of cocaine, in violation of the 14th Amendment of the U.S. Constitution; (B) The Trial Court failed to identify the statute it was referring to when it gave Jury instructions, and the Trial Counsel was ineffective for failing to object to the jury instructions.

(Petition, ECF No. 1, PageID 3.)

**Procedural and Factual History**

On March 15, 2013, the Scioto County Grand Jury indicted Cave on four counts of trafficking in cocaine in violation of Ohio Revised Code § 2925.03(A)(1), a fifth-degree felony (Counts Two, Three, Four, and Five); one count of trafficking in cocaine over 100 grams in violation of Ohio Revised Code § 2925.03(A), a first-degree felony, with an accompanying major drug offender specification (Count One); and one count of possessing criminal tools in violation of Ohio Revised Code § 2923.24(A)(C), a fifth-degree felony (Count Six). The indictment also sought forfeiture of $3,330.00 which Cave allegedly owned or possessed as a result of a felony drug offense or that Cave intended to use in the commission of a felony drug offense. (State Court Record, ECF No. 7, PageID 18.)

Cave was tried by a jury and found guilty on all counts. The trial court sentenced Cave to an aggregate sentence of eleven years. (State Court Record, ECF No. 7, PageID 24.) In addition, the trial court ordered forfeiture in the amount of $3,330.00 and suspended Cave's

driver's license for one year.

Cave, through new counsel, appealed to the Court of Appeals of Ohio, Fourth Appellate District, Scioto County, which set forth the facts of the case as follows:

> [**P2]** . . . Counts Two, Three, Four, and Five [of the indictment] arose from a series of "controlled buys", [sic] in which a confidential police informant allegedly purchased crack cocaine from the appellant at his house at 714 Brown Street, Portsmouth, Ohio. Counts One, Six, and the forfeiture specification arose after appellant's house was searched by law enforcement and a large quantity of crack cocaine, money, a cell phone, and drug paraphernalia were seized from the house.
>
> [**P3]** Appellant pleaded not guilty to the charges and a jury trial was held on September 3 and 4, 2013. The confidential police informant did not testify at trial. However, Sergeant Joshua Justice of the Southern Ohio Drug Task Force testified, without objection from counsel, that on or about January 29, 2013, the informant stated, "they could buy crack cocaine off of Barry Cave." [Tr. at 35.] According to Justice, the informant had agreed through the prosecutor's office to work off a misdemeanor charge in exchange for giving up a drug dealer. Sergeant Justice also testified that "this informant had gave us some estimates of how much dope they had seen with Barry Cave * * *." [Tr. at 38.] Based on this information, the investigating officers decided to use the informant in a series of controlled buys. Sergeant Justice indicated that the informant, under his direction, contacted appellant via appellant's cellular phone on February 5, 2013, and ordered from appellant a half a gram of crack cocaine for $50. Sergeant Justice listened to the phone call and testified that he recognized appellant's voice.
>
> [**P4]** The State also utilized Sergeant Justice to introduce four recordings of the controlled buys. Sergeant Justice had procured the recordings by equipping the informant with an audio/video recording device. The jury heard and watched the four recordings; however, the court did not admit the recordings into evidence. The recordings, therefore, are not a part of the appellate record. We do have available, however, a transcript of the audio portions of the recordings. Sergeant Justice also provided a narration of the recordings, over the objections of defense counsel, while the recordings were played for the jury.
>
> [**P5]** The first controlled buy occurred on February 5, 2013, following the informant's phone call to appellant. Sergeant Justice

testified that in addition to wiring the informant with the recording device, he also provided the informant with a marked bill. The informant was also searched prior to the drug buy. While the recording apparently displayed a 6:14 p.m. recording time, Sergeant Justice clarified that the buy actually occurred at 5:09 p.m. While we cannot actually see the recording, appellant agrees that the recording revealed him cutting a small portion of crack cocaine, placing it in a bag, and then giving the bag to the informant in exchange for cash. Stanton Wheasler, a forensic scientist with the Ohio Bureau of Criminal Identification and Investigation ("BCI & I") testified that he weighed the contents of the bag and determined that the contents contained 0.5 grams of cocaine.

[**P6] The second controlled buy occurred on February 7, 2013. The informant was wired with the recording device, given a marked bill, and searched prior to the buy. An officer purportedly appeared at the beginning of the recording and stated the date as February 7, 2013, and the time as 9:47 p.m. The recording time-stamp, however, apparently displayed a time of 11:20 p.m. The recording demonstrated appellant handling and bagging crack cocaine and giving the bag to the informant in exchange for money. Wheasler testified that he later determined the bag contained 0.2 grams of crack cocaine.

[**P7] The third controlled buy occurred on February 11, 2013. The informant was given marked bills to make the purchase, wired with a recording device, and was searched prior to the buy. An officer appeared on the recording noting the date as February 11, 2013, and the time as 5:01 p.m. The recording, however, displayed a date of November 18, 2009, and a time of 1:24 a.m. The recording of this particular controlled buy does not show a drug exchange for money. Sergeant Justice testified, however, that when the informant returned from the residence he or she turned over a bag containing a white substance. Sergeant Justice also indicated that he recognized the appellant's voice on the recording. Wheasler testified that the contents of the bag were later determined to contain 0.3 grams of crack cocaine.

[**P8] According to Sergeant Justice, the fourth controlled buy occurred on February 20, 2013, at 11:34 a.m. However, the date and time displayed on the video was apparently November 26, 2009, at around 8:00 p.m. The informant was searched prior to the drug buy, wired with a recording device, and given a $50 marked bill. The video showed appellant smoking crack cocaine, exchanging crack cocaine for money, and also handling a large

quantity of crack cocaine. Wheasler confirmed that the substance exchanged in the buy contained 0.5 grams of crack cocaine.

[**P9] On the same day as the fourth controlled buy, Sergeant Justice secured a no-knock search warrant for the residence at 714 Brown Street, Portsmouth, Ohio. When executing the search warrant a total of five people were located in the residence, including three women, the appellant, and the appellant's brother. Officers also located over 100 grams of crack cocaine, cash (including the $50 marked bill used in the earlier drug buy), a cell phone, and drug paraphernalia in the home. According to Justice, the occupants of the home were handcuffed, placed in the living room, and Mirandized. In response to a question from officers, appellant stated that the drugs and cash belonged to him.

[**P10] In addition to Sergeant Justice's testimony, the four recordings of the controlled buys, and Wheasler's testimony, the State also introduced the following evidence: the testimony of three other investigating officers, two maps, approximately 30 photographs, one cell phone, packages of crack cocaine, one ring box, one monitor, two bundles of cash, several BCI & I reports, one coat, and one inventory sheet. However, none of the exhibits were formally offered or admitted into evidence. [At Footnote 1, the Court said: "The appellate record does contain, however, copies of the maps, photographs, BIC&I reports, and inventory sheet."]

*State v. Cave,* 2015-Ohio-2233, 36 N.E.3d 732 (Ohio App. 4th Dist. June 2, 2015).

Following the briefing on the appeal, the court of appeals affirmed in part and reversed in part and remanded for further proceedings. Regarding the fourth assignment of error, the court said that because the jury did not make a determination concerning the forfeiture specification, and because the matter was not, by motion, committed to the judge, the trial court erred in ordering forfeiture in this case. The court therefore sustained that assignment of error and remanded the case to the trial court so that the forfeiture could be vacated and the funds ordered returned.

Cave, pro se, filed an appeal to the Ohio Supreme Court which declined to accept jurisdiction. *State v. Cave*, 143 Ohio St.3d 1480 (2015).

On June 24, 2016, Cave, pro se, filed an application to reopen his appeal under Ohio App. R. 26(B) which the State opposed. On July 29, 2016, the Court of Appeals denied Cave's application to reopen as untimely. (State Court Record, ECF No. 7, PageID 134.) Cave did not appeal to the Ohio Supreme Court.

## ANALYSIS

**Ground One: Denial of Confrontation Right**

In his First Ground for Relief, Petitioner asserts he was denied his right to confrontation of the witnesses against him when a police officer was permitted to testify at trial to the statement of an unidentified confidential informant that "they could buy crack cocaine off of Barry Cave."

Respondent asserts this Ground for Relief is procedurally defaulted because Cave's trial attorney did not object to the testimony (Return, ECF No. 8, PageID 350-54). Petitioner responds that he exhausted his state court remedies, that the Fourth District ruled on the merits of this claim rather than invoking a procedural bar, that there is no relevant procedural rule, and that "even if there were such a firmly established procedural rule, it would not be an 'adequate and independent' state ground to foreclose review of Cave's federal constitution claims." (Reply, ECF No. 11, PageID 368.)

Mr. Cave raised this claim as his Second Assignment of Error on direct appeal which the Fourth District decided as follows:

> *B. Assignment of Error II*

6

[*P21] In his second assignment of error, appellant contends that Sergeant Justice's testimony concerning information from the confidential informant was "testimonial hearsay," the admission of which constituted a violation of his Sixth Amendment right to confront witnesses against him. In particular, appellant takes issue with Sergeant Justice's testimony that the informant told him that "they could buy cocaine off of Barry Cave" and "this informant gave us some estimate of how much dope they had seen with Barry Cave * * *." Appellant argues that those statements "allowed the jury to draw incorrect conclusions regarding [his] involvement in the charged offenses." [Brief at 11.] The State, on the other hand, argues that Sergeant Justice's testimony concerning the out-of-court statements of the confidential informant was not entered into evidence to prove the truth of the matter asserted; but rather to explain Sergeant Justice's subsequent actions and to provide factual context on how the appellant became the subject of a law enforcement investigation.

[*P22] As an initial matter, we note that the appellant did not make specific objections at trial in order to properly preserve this issue for appeal. Failure to object to an alleged error waives all but plain error. *State v. Keely*, 4th Dist. Washington No. 11CA5, 2012-Ohio-3564, ¶ 28. "Notice of Crim.R. 52(B) plain error must be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*, citing *State v. Rohrbaugh*, 126 Ohio St. 3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 16; *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. "To find plain error, we must be able to say that, but for the alleged error, the outcome of trial clearly would have been otherwise." *Id.*, citing *State v. McCausland*, 124 Ohio St. 3d 8, 2009-Ohio-5933, 918 N.E.2d 507, ¶ 15; *State v. Braden*, 98 Ohio St. 3d 354, 2003-Ohio-1325, 785 N.E.2d 439, ¶ 50.

[*P23] The Sixth Amendment to the United States Constitution provides, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." Likewise, Section 10, Article I of the Ohio Constitution provides, "[i]n any trial, in any court, the party accused shall be allowed * * * to meet the witnesses face to face." The Supreme Court of the United States has held that evidence that is "testimonial hearsay" offends a defendant's Sixth Amendment right to confrontation and is not admissible. *Crawford v. Washington*, 541 U.S. 36, 51, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *see also State v. Kelly*, 179 Ohio App.3d 666, 2008-Ohio-6598, 903 N.E.2d 365, ¶ 12 (7th Dist.) ("Federal and state appellate courts examining this holding

[*Crawford*] have explained that it only deals with hearsay; it does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. When statements are offered to show context, they are not being offered for the truth of the matter asserted and, thus, do not violate *Crawford*." (Citations omitted.)).

[*P24] There is no dispute in this case that the statements at issue were testimonial. Thus, the only issue is whether the statements constitute hearsay. Hearsay is, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). "To constitute hearsay, two elements are needed. First, there must be an out-of-court statement. Second, the statement must be offered to prove the truth of the matter asserted. If either element is not present, the statement is not 'hearsay.'" *State v. Maurer*, 15 Ohio St.3d 239, 262, 15 Ohio B. 379, 473 N.E.2d 768 (1984).

[*P25] Recently, the Supreme Court of Ohio clarified that the Confrontation Clause "'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" *State v. Ricks*, 136 Ohio St. 3d 356, 2013-Ohio-3712, 995 N.E.2d 1181, ¶ 18, quoting *Crawford* at 59, 124 S.Ct. 1354, 158 L.Ed.2d 177, fn. 9. The Court expounded that extrajudicial statements made by out-of-court declarants offered to explain the subsequent investigative conduct of law enforcement is generally admissible, because the statements are not offered to prove the truth of the matter asserted. *Id.* at ¶ 20, citing *State v. Thomas*, 61 Ohio St.2d 223, 232, 400 N.E.2d 401 (1980). The Court did, however, recognize that the admission of out-of-court statements to explain officer conduct in an investigation carries with it the potential for abuse, and thus established certain conditions that must be met prior to admitting such statements. Specifically, the Court held that:

> [I]n order for testimony offered to explain police conduct to be admissible as nonhearsay, the conduct to be explained should be relevant, equivocal, and contemporaneous with the statements; the probative value of statements must not be substantially outweighed by the danger of unfair prejudice; and the statements cannot connect the accused with the crime charged.

*Id.* at ¶ 27.

[*P26] Applying the *Ricks'* [sic] test to the case sub judice, we conclude that the statements meet the first part of the test. First, the

fact that the statements explain why Sergeant Justice began an investigation of appellant is relevant. Second, the conduct was equivocal; that is, without the statements it would be unclear why police had set up the controlled buys in the first place. Finally, the police's [sic] investigation of appellant was contemporaneous with the confidential informant's statements.

[*P27] Moving to the second part of the test, however, we conclude that even though the statements explain police conduct, they are also highly prejudicial and tie the appellant to the crime. The out-of-court statements definitively label appellant as a drug trafficker, the same crime that appellant was charged with in five of the six counts of the indictment. Thus, the testimony encouraged the jury, intentionally or not, to misuse the content of the out-of-court statements for its truth. That is, the jury could have interpreted the confidential informant's statement that "they could buy cocaine off of Barry Cave" as a statement tying appellant to the charged offenses, rather than as evidence to explain why the police had begun an investigation of appellant.

[*P28] Accordingly, we conclude that Sergeant Justice's testimony relating the out-of-court statements of the confidential informant constituted hearsay. The statements were offered to prove the truth of the matter asserted rather than to explain police conduct. And because the statements were testimonial, the admission of the statements violated appellant's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

[*P29] Nevertheless, because we are conducting a plain error review, we must next determine whether the admission of the statements clearly affected the outcome of trial.

[*P30] In this case, we determine that the outcome of the trial would not have been different absent evidence of the informant's statements. Particularly damaging to appellant was the recordings and testimony concerning the controlled buys. Some of the recordings clearly show appellant handling and exchanging drugs for money. This evidence, coupled with the evidence obtained during execution of the search warrant was more than sufficient to support the jury's verdict. Accordingly, we overrule appellant's second assignment of error.

*State v. Cave, supra.*

Respondent does not assert Cave failed to exhaust available state court remedies or that

9

he procedurally defaulted this claim by failing to fairly present it as a federal constitutional claim to the state courts. This Court finds there was a fair presentation of the Confrontation Clause claim and Cave exhausted the claim by appealing to the Ohio Supreme Court.

However, Respondent's procedural default defense to this Ground for Relief is well taken. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "[A]bsent cause and prejudice, 'a federal habeas petitioner who fails to comply with a state's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*

*Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Applying the *Maupin* test to the First Ground for Relief, the Court finds that Ohio does have an applicable procedural rule requiring contemporaneous objection to trial court error. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998).

Second, the Fourth District did apply that rule to Cave's case, finding that his attorney failed to make a contemporaneous objection. While it then proceeded to analyze the substance of Cave's Confrontation Clause claim, it did so only under a plain error theory of review. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural

default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Third, Ohio's contemporaneous objection rule is an adequate and independent state ground of decision. *Wogenstahl*, *supra,* at 334,*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,supra* at 387; *Mason v. Mitchell*, *supra* at 635, *citing Hinkle*, *supra* at 244; *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, supra at 557; *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Fourth, Cave has not shown or even argued with respect to Ground One any cause and prejudice or actual innocence to excuse his procedural default.

Because the Confrontation Clause claim was procedurally defaulted by failure to make contemporaneous objection, Ground One should be dismissed.

**Ground Two: Insufficient Evidence**

In his Second Ground for Relief, Petitioner asserts there was insufficient evidence to convict him of trafficking cocaine.

Respondent asserts this Ground for Relief is also procedurally defaulted because, although it was raised on direct appeal to the Fourth District, Mr. Cave did not include it in his appeal to the Ohio Supreme Court. Cave admits this is true but claims it is because "he was erroneously informed that he cannot raise any error in the Ohio Supreme Court that he did not possess documentary evidence to support." (Reply, ECF No. 11, PageID 371.) However, ignorance of the law will not excuse a procedural default. *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004).

Cave also asks this Court to take judicial notice of *State v. Gonzales*, 150 Ohio St.3d 261 (2016). Judicial notice is not required for this Court to consider a published decision of the Ohio Supreme Court, but in doing so, the Court notes that *Gonzales* was subsequently reversed on reconsideration, *State v. Gonzales,* 150 Ohio St. 3d 276 (2017).

Ground Two should be dismissed as procedurally defaulted.

**Ground Three: Ineffective Assistance of Counsel**

In his Third Ground for Relief, Mr. Cave asserts his trial counsel provided ineffective assistance when he (1) failed to object to the hearsay from the confidential informant (Sub-claim A) and (2) failed to object to the omission of the statutory reference from the jury instructions (Sub-claim B). He further claims his appellate attorney provided ineffective assistance when he failed to raise as an assignment of error the insufficiency of the evidence to prove trafficking of cocaine in excess of 100 grams (Sub-claim C).

The governing standard for ineffective assistance of trial counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally*

Annotation, 26 ALR Fed 218.

Respondent concedes this Sub-claim is preserved for merits review, but asserts it is without merit on the basis of the Fourth District's contrary decision. Cave raised this Sub-claim as his Third Assignment of Error on direct appeal and the Fourth District decided it as follows:

> *C. Assignment of Error III*
>
> [*P31] In his third assignment of error, appellant contends that he received ineffective assistance of counsel from his trial attorney because the attorney failed to object to the admittance of testimonial hearsay which violated appellant's constitutional rights.
>
> [*P32] Criminal defendants have a right to counsel, including a right to the effective assistance from counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn. 14; *State v. Stout*, 4th Dist. Gallia No. 07CA5, 2008-Ohio-1366, ¶ 21. To establish constitutionally ineffective assistance of counsel, a criminal defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Issa*, 2001-Ohio-1290, 93 Ohio St.3d 49, 67, 752 N.E 2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 1998 Ohio 369, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St. 3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.
>
> [*P33] "When considering whether trial counsel's representation amounts to deficient performance, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *State v. Walters*, 4th Dist. Washington Nos. 13CA33, 13CA36, 2014-Ohio-4966, ¶ 23, quoting *Strickland* at 689. "Thus, 'the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Id.*, quoting *Strickland* at 689. "'A properly licensed attorney is presumed to execute his duties in an ethical and competent manner.'" *Id.*, quoting *State v.*

15

> *Taylor*, 4th Dist. Washington No. 07CA1, 2008-Ohio-482, ¶ 10. "Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment." *Id.*
>
> [*P34] Appellant's argument that his counsel was ineffective is predicated on counsel's failure to object to the admission of the confidential informant's statements as testimonial hearsay. Since we have concluded that the outcome of the trial would not have been different even absent evidence of the informant's statements, this argument is without merit. Accordingly, appellant's third assignment of error is overruled.

*State v. Cave, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Cave argues this decision is not entitled to deference because "the Ohio courts did not actually apply any federal case law to Cave's properly raised ineffective assistance of counsel claim. . . ." (Reply, ECF No. 11, PageID 374.) On the contrary, the Fourth District cited the governing case, *Strickland,* as well as Ohio case law applying the *Strickland* standard. The Fourth District's determination of lack of prejudice is also reasonable, given the large amount of additional evidence proving Petitioner's drug trafficking activities.

**Sub-Claim B: Ineffective Assistance of Trial Counsel for Failure to Object to Jury Instructions**

In his Sub-claim B, Petitioner asserts his trial attorney provided ineffective assistance of trial counsel when he failed to object to the omission of a reference to an applicable statutory section in the jury instructions.

Respondent misconstrues this Sub-claim as being directed to ineffective assistance of appellate counsel, but it is plainly directed toward the trial attorney's performance. However, this Sub-claim is procedurally defaulted because it was never raised in the state courts at all.

**Sub-Claim C: Ineffective Assistance of Appellate Counsel**

In his Sub-Claim C, Cave asserts his appellate counsel was ineffective for failure to raise as an assignment of error that there was insufficient evidence to show he trafficked more than 100 grams of cocaine. The *Strickland* standard applies to ineffective assistance of appellate counsel claims as well as to trial attorney claims.

Respondent asserts this Sub-Claim is procedurally defaulted because it was not timely raised in the Fourth District. Filing an application under Ohio R. App. 26(B) is the sole method for raising a claim of ineffective assistance of appellate counsel. *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Rule 26(B) applications must be filed within ninety days of judgment in the Court of Appeals unless good cause is shown for filing later. Cave filed his Application June 24, 2016, which was far more than ninety days after judgment and the Fourth District found he had not shown good cause. *State v. Cave,* Case No. 13CA3575 (4th Dist. July 29, 2016)(unreported; copy at State Court Record, ECF No. 7, PageID 134-35).

The timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

Cave has not argued any cause and prejudice to excuse his untimely filing of his 26(B) Application. Therefore Sub-Claim C asserting ineffective assistance of appellate counsel is procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 7, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).