# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BARRY J. CAVE,

        Petitioner,      :      Case No. 1:16-cv-929

  - vs -                           District Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

WARDEN, North Central Correctional
Complex,

                                  :

        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration (ECF No. 18); he requests the Court reconsider, under either Fed. R. Civ. P. 59 or 60, its decision striking his Objections as untimely. Because Judge Barrett has already entered judgment in the case, the instant Motion requires a report and recommendations under Fed. R. Civ. P. 72(b)(3).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

Petitioner asserts a mistake in calculating the due date for his Objections. The record reflects that the Report and Recommendations were filed December 7, 2017. Mr. Cave claims that the earliest they could have been mailed out was December 8, 2017, the next day. However, the Clerk's docketing entry shows that a copy was mailed to Mr. Cave on the date of filing, December 7, 2017. Fed. R. Civ. P. 5(b)(2)(C) provides that service by mail is complete upon mailing.

The Report notified Mr. Cave that his objections, if any, had to be filed not later than seventeen days after service (ECF No. 13, PageID 420). Seventeen days from December 7, 2017, is December 24, 2017. That day was a Sunday and December 25, 2017, was a legal holiday, so the time to file objections was automatically extended to the next non-holiday, December 26, 2017. Fed. R. Civ. P. 6(a)(1)(C). Because Mr. Cave is incarcerated, he is entitled to file with this Court by depositing his filings in the prison mail system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). His Objections contain a Certificate of Service, but the certificate is undated (ECF No. 14, PageID 427). Postage was not affixed to the envelope in which the Objections were mailed until December 29, 2017. (PageID 428).

Attached to the Motion for Reconsideration are two "Personal A/C Withdrawal Check Out-Slips", one for $1.40 and one for $1.19 (ECF No. 18, PageID 434). Each slip has a place for an approval signature, but neither is signed. On the other hand, in a box marked "ship via," each slip bear the purported signature of R. West and shows that the slip was processed on December

27, 2017. Each slip also bears the legend "sent 12/19/2017." Mr. Cave provides no explanation, from himself or anyone else, of the meaning of what is included on these slips. Taken together, they do not show that the Objections were filed in the sense of being deposited in the prison mail system on or before December 26, 2017, which was the deadline. Therefore the Motion for Reconsideration is not well taken.

But even if the Motion were well taken and the Objections reinstated as timely, they would not show error in the judgment of the Court dismissing the Petition. The Report concluded, as urged by Respondent, that each of Petitioner's three Grounds for Relief, was barred by his procedural default in presenting each of those claims to the Ohio courts. As to Ground One, the Magistrate Judge found the Ohio Fourth District Court of Appeals had enforced Ohio's contemporaneous objection rule against Mr. Cave (Report, ECF No. 13, PageID 411-13). The Report concluded that the Second Ground for Relief, insufficient evidence, was barred by Mr. Cave's failure to raise it in the Ohio Supreme Court on direct appeal. *Id.* at PageID 414.

Mr. Cave's Third Ground for Relief asserted ineffective assistance of trial counsel in two respects (Sub-claims A and B) and ineffective assistance of appellate counsel for failure to raise as an assignment of error the insufficient evidence to prove trafficking in cocaine in excess of 100 grams (Sub-claim C). The Report concluded Sub-claim A was without merit, Sub-claim B was defaulted because it was never presented to the state courts, and Sub-claim C was procedurally defaulted by Cave's failure to include it in a timely application to reopen the appeal under Ohio R. App. P. 26(B) (Report, ECF No. 13, PageID 414-19).

In his Objections, Cave asserts any procedural default in the state courts is excused by ineffective assistance of counsel (Objections, ECF No. 14, PageID 422-26). Cave is certainly correct in his assertion that a felony defendant such as himself is entitled to the effective

3

assistance of counsel at trial. However, the right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment.[1] *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Attorney error amounting to ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996). However, *Murray v. Carrier* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings." 477 U.S. at 489; *see also Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986). Attorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which he was not constitutionally entitled to counsel, e.g., a discretionary appeal proceeding. *Coleman v. Thompson*, 501 U.S. 722 (1991). "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Murray v. Carrier*, 477 U.S. 478, 488 (1985), quoted in *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The ineffective assistance claim cannot be presented as cause if it was procedurally defaulted in the state courts, unless one

---

[1] The Supreme Court has carved out one very narrow exception to that rule, but it is not relevant here. *See Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013).

of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000). Ineffective assistance of counsel on appeal cannot constitute cause for failure to file a timely application for reopening of the direct appeal under Ohio R. App. P. 26(B) since a person is not entitled to counsel for the reopening. *Riggins v. Turner,* No. 95-4027, 1997 WL 144214 (6th Cir. March, 1997).

Petitioner first claims it was ineffective assistance of trial counsel for his trial attorney to fail to object to Sergeant Justice's testimony. Ohio law requires that instances of alleged ineffective assistance of trial counsel that can be shown from the trial record must be raised on direct appeal or later be barred from consideration as a matter of res judicata. *State v. Perry,* 10 Ohio St. 2d 175, 181 (1967); *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979); *State v. Cole*, 2 Ohio St. 3d 112 (1982). Cave did not present this as an assignment of error on direct appeal and it is therefore barred under the *Perry* doctrine. Cave's claim that his trial attorney provided ineffective assistance in failing to object to the omission of the statutory reference in the trafficking in excess of 100 grams count is barred on the same basis.

Petitioner's claim that ineffective assistance of appellate counsel excuses his failure to include the sufficiency of the evidence claim on appeal to the Ohio Supreme Court is unavailing because he was not entitled to counsel in that appeal, which is not an appeal of right.

Cave relies on *Fay v. Noia*, 372 U.S. 391 (1963), for the proposition that his attorneys' errors should not be held against him. The *Fay* Court held that only a "deliberate bypass" of a state procedure would result in a procedural default. But *Fay* was superseded on this point by *Wainwright v. Sykes*, 433 U.S. 72 (1977), reaffirmed by *Engle v. Isaac*, 456 U.S. 107, 110 (1982), and *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

**Conclusion**

Because Mr. Cave's Objections were not timely filed, he is not entitled to have them considered. But even considering them on the merits as if they had been timely filed, they do not show error in the Report and Judgement. The Motion for Reconsideration should be overruled.

January 23, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may

respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).