# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION CINCINNATI

BARRY J. CAVE,

      Plaintiff,

vs.

WARDEN, NORTH CENTRAL
CORECTIONAL COMPLEX,

      Defendant.

Case No.1:16-CV-00929-MRB

Judge Michael R Barrett

## ORDER

On December 7, 2017, the magistrate judge recommended that Petitioner's petition for writ of habeas corpus be dismissed with prejudice. (Doc. 13). The magistrate judge reasoned that Petitioner's first two grounds, *i.e.*, "denial of confrontation clause rights" and "insufficient evidence," were procedurally defaulted. The third ground, ineffective assistance of counsel (divided into three "sub-claims"), was also rejected. Sub-claim A challenged trial counsel's failure to object to hearsay from a confidential informant; Sub-claim B challenged trial counsel's failure to object to the omission of a statutory reference in the jury instructions; Sub-claim C challenged appellate counsel's failure to raise as an assignment of error the insufficiency of the evidence to prove trafficking of cocaine in excess of 100 grams. (Doc. 13; PageID 414). According to the magistrate judge, sub-claims B and C were procedurally defaulted; Sub-claim A had already been decided by the state appellate court, the decision of which was entitled to deference. (*Id.* at 417) (citing 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000)).

On January 2, 2018, the Clerk docketed Petitioner's objections (Doc. 14), which were stricken by the magistrate judge on January 3, 2018 as untimely. (Doc. 15). On January 12, 2018, the undersigned adopted the magistrate judge's report and recommendation. (Doc. 16).

Ten days after the clerk's judgment was docketed, Petitioner filed a Motion for Reconsideration (Doc. 18), challenging the manner in which the magistrate judge calculated Petitioner's objection period. On January 23, 2018, the magistrate judge recommended that the Motion for Reconsideration be denied, because Petitioner's objection period was properly calculated. (Doc. 19). However, the magistrate judge still addressed Petitioner's substantive arguments, observing that even if his objections had been timely filed they would not have succeeded. (*Id*. at 440-44). On February 15, 2018, Petitioner filed objections (Doc. 20) to the foregoing report and recommendation.

Accordingly, this matter is before the Court on: (1) the magistrate judge's report (Doc. 19) recommending denial of the Motion for Reconsideration; and (2) Plaintiff's objections thereto (Doc. 20). Despite an opportunity to do so, Respondent did not file responsive papers, so this matter is ripe for disposition.

I.  STANDARD

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

Petitioner objects to: (A) the manner in which the magistrate judge calculated his original objection period; and (B) the magistrate judge's rejection of his ineffective assistance of counsel arguments. The Court will address each in turn.

### A. Calculation of the Objection Period

Pursuant to Fed. R. Civ. P. 72, parties are automatically entitled to fourteen (14) days from the date of service to file objections to a magistrate judge's report and recommendation. In this case, Petitioner was allotted seventeen (17) days because the report and recommendation was served by mail. (Doc. 13, PageID 420) (relying on Fed. R. Civ. P. 6(d)). Pursuant to Fed. R. Civ. P. 5(b)(2)(C), service by mail is complete upon mailing. However, an inmate's papers are deemed served and *filed* when they are deposited into the prison mail system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Here, the report and recommendation at issue was docketed and served by mail on December 7, 2017. The magistrate judge correctly rejected Petitioner's conclusory argument that the "earliest [date on which] the decision could have been mailed out of the courthouse [was] Friday, December 8, 2017," (Doc. 18, PageID 433), which argument is squarely contradicted by the Clerk's docketing entry showing that the decision was mailed to Petitioner on December 7, 2017. (Doc. 13). Using December 7, 2017 as the service date, the magistrate judge calculated the objection period based on the following logic:

3

> The Report notified Mr. Cave that his objections, if any, had to be
> filed not later than seventeen days after service (ECF No. 13, PageID
> 420). Seventeen days from December 7, 2017, is December 24, 2017.
> That day was a Sunday and December 25, 2017, was a legal holiday,
> so the time to file objections was automatically extended to the next
> non-holiday, December 26, 2017.

(Doc. 19. PageID 439). Petitioner does not appear to disagree that December 26, 2017 was the objection deadline. Accordingly, the crux of the issue before the Court is whether the objections were placed in the prison mail system on or before December 26, 2017.

The magistrate judge concluded that Petitioner's documentation, which Petitioner attached to his Motion for Reconsideration (Doc. 18) without explanation, failed to show that Petitioner's objections to the December 7, 2017 R&R were deposited into the prison mail system by December 26, 2017. Indeed, in reviewing the submitted documentation as a whole, the magistrate judge observed that the form included multiple dates, including a "processing" date of *December 27*, 2017. (Doc. 19, PageID 439-40). Petitioner argues that the magistrate judge improperly ignored the portion of the forms reflecting when the forms were "completed," *i.e.*, December 26, 2017. (Doc. 20, PageID 446). However, the Court is not concerned with when the forms were "completed"; the Court is concerned with when the parcel to the Clerk's Office was deposited into the prison mail system. Accordingly, the documentation offered by Petitioner does not support his position, and his objection is not well taken.[1]

---

[1] The Court is not persuaded by Petitioner's arguments that mailroom attendants "provide prisoners with the [forms to complete] then and there[.]" (Doc. 20, PageID 446). According to Petitioner's unsworn assertions, a mailroom staff member "verifies the information on the slip and then requires the prisoner to provide his identification . . . and the process begins." (*Id.*) Ultimately, this explanation should not have been offered for the first time in objections to the motion for reconsideration, so the undersigned is hard pressed to disagree with the interpretation of the magistrate judge who was provided no explanation at all. Indeed, the Court agrees with the magistrate judge's ultimate conclusion: that Petitioner's documentation, as presented, failed to show when the parcel was placed in prison mail system.

Ultimately, the Court would be remiss if it failed to make its position on extensions and timeliness clear. In the experience of the undersigned, the magistrate judge in this case routinely grants parties reasonable extensions for good cause when requested. The undersigned engages in the same practice. It is likely that, had such an extension been requested and supported by cause in this case, it would have been granted. Indeed, the Court prefers to resolve objections on the merits, and does not relish the notion of foreclosing substantive review of objections based on the slightest non-compliance with objection deadlines. This preference is demonstrated by the fact that, even though Petitioner filed his objections out of time, the magistrate judge still addressed Petitioner's substantive objections to the report and recommendation on the Motion for Reconsideration. *See* Doc. 19. Thus, even if Petitioner feels that he has been treated severely, the Court cannot agree. Deadlines exist for a reason, but in this case the Court has exceeded the requirements imposed by Rule 72 by considering Petitioner's substantive objections.

B. Ineffective Assistance of Counsel

While the Court will not formally reinstate the stricken objections, because they were filed out of time without leave, Petitioner is still effectively getting a substantive review because he objected to the magistrate judge's alternative grounds for recommending that the Motion to Reconsider be denied. Specifically, in the R&R, the magistrate judge reiterated his rationale for recommending that the Petition be dismissed (which will not be restated in full here). However, Petitioner argues that the magistrate judge misapplied *Wainright v. Sykes*, 433 U.S. 72 (1977) and *Murray v. Carrier*, 447 U.S. 478 (1986).

With respect to *Wainwright v. Sykes*, Petitioner asserts that the magistrate judge ignored "exceptions put forth in *Wainwright*." (Doc. 20, PageID 447). However, Petitioner does not state which "exceptions" were supposedly ignored. Petitioner goes on to state that his trial

5

counsel's errors were not harmless. (*Id.*) However, the magistrate judge correctly observed that the state appellate court has already passed on the issue, which decision is entitled to deference unless it is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. (Doc. 13, PageID 417). The undersigned agrees with the magistrate judge's earlier conclusion that the state appellate court applied the governing *Stickland* standard, so it would be improper to disturb its decision. (*Id.*) (further observing that "[t]he Fourth District's determination of lack of prejudice is also reasonable, given the large amount of additional evidence proving Petitioner's drug trafficking activities").

With respect to Petitioner's arguments regarding *Murray v. Carrier*, the Court must provide context. The magistrate judge relied on *Murray* when he rejected Petitioner's claim regarding appellate counsel's purported deficiencies. Petitioner argues that the magistrate judge ignored *Murray*'s language stating "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not 'conduct trials at which persons who face incarceration must defend themselves without adequate legal assistance.'" 447 U.S. 478 (1986). However, the foregoing rule does not apply to purported errors made during a discretionary appeal proceeding, *Coleman v. Thompson*, 501 U.S. 722 (1991), which is why the magistrate judge rejected the claim regarding appellate counsel's purported deficiencies as "unavailing." (Doc. 19, PageID 442) (observing that Petitioner was not entitled to counsel in appeal to the Ohio Supreme Court, "which is not an appeal of right").

Accordingly, Petitioner's objections relating to the magistrate judge's merits-based recommendation are not well taken.

## III. CONCLUSION

Therefore, consistent with the above, the Court **ADOPTS** the report and recommendation of the magistrate judge (Doc. 19). Petitioner's Motion for Reconsideration (Doc. 18) is **DENIED.**

**IT IS SO ORDERED.**

                                              s/ *Michael R. Barrett*
                                              United States District Judge