# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BARRY J. CAVE,

                Petitioner,      :      Case No. 1:16-cv-929

   - vs -                                District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

Warden,
  North Central Correctional Complex,

                                    :
                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case before the Court on Petitioner's post-judgment motions for leave to appeal *in forma pauperis* and for a certificate of appealability (ECF Nos. 22 & 24). As post-judgment motions, they are deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommended disposition.

Petitioner has appealed from the Court's decision denying his Motion for Reconsideration of its decision striking his Objections to the Magistrate Judge's Report and Recommendations on the merits. The Court treated the Motion for Reconsideration as made under either Fed. R. Civ. P. 59 or 60. Because this is a habeas corpus case, Petitioner cannot appeal without a certificate of appealability.

Petitioner argues in his Motion that the Court's decision on his underlying claims for relief is debatable. However, that is not the decision of September 19, 2018, which is the decision from which Petitioner has appealed. Judge Barrett's decision on the merits (ECF No. 16) was entered January 12, 2018, and in it he has already denied a certificate of appealability on the merits. The

Order which Petitioner has appealed is the Order denying the Motion for Reconsideration. It is well-settled that an appeal on a Rule 59 or Rule 60 motion does not bring up for consideration by the Court of Appeals the merits of the underlying judgment. Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D §3916, citing *Browder v. Director, Dept. of Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D §3916, citing Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 263 n. 7 (1978); *Amernational Indus., Inc., v. Action-Tungsram, Inc.,* 925 F.2d 970, 975 (6th Cir. 1991). *Corrections,* 434 U.S. 257, 263 n. 7 (1978); *Amernational Indus., Inc., v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991).

Petitioner has not shown that reasonable jurists would disagree with this Court's disposition of his Motion for Reconsideration. Because of that, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. The instant Motions should be DENIED.

October 27, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.

If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).